COUCH, City Treasurer,

*v.*

MARYE, State Auditor.

(*Supreme Court of Appeals of Virginia, November 22, 1888.*)

[8 S. E. Rep. 582.]

Taxation—Tax Sales—Land Sold to State—Fees of Treasurer.

Code Va. § 469, provides that lands sold for taxes shall continue to be charged to the owner until the two years allowed for redemption have expired. Lands so sold are taxed annually, and required to be returned annually on the delinquent tax list: *held*, that the fact that lands have previously been sold and bid in by the commonwealth does not relieve the treasurer from the duty of again selling them for delinquent taxes under act Feb. 26, 1886, imposing upon him the duty of making delinquent tax sales, and where he makes such subsequent sales, and bids in the lands for the commonwealth, he is entitled to the fees provided by the act.

Error to circuit court of city of Richmond; B. R. Wellford, Jr., Judge.

*Sands & Bryan*, for plaintiff in error.

*R. A. Byers, Atty. Gen.*, for defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of the city of Richmond, rendered on the 4th day of February, 1888, upon a petition of James W. Couch, treasurer of the city of Petersburg, praying a mandamus against the auditor of public accounts to compel the said auditor to pay

him certain fees for selling lands returned delinquent for the non-payment of taxes, which had been previously sold under the act of March, 1884, to pay the taxes returned delinquent thereon, and which had been purchased by the commonwealth. The said act of March, 1884, authorized the sale of land returned delinquent for the non-payment of taxes, "whether or not the same has heretofore been sold and purchased by the said commonwealth." Acts 1883–84, § 2, p. 730. But this act was repealed by the subsequent act of February 26, 1886, and the mention of the commonwealth quoted above from the second section of the act of March, 1884, omitted altogether. Under this act (February, 1886) the system of sales of delinquent lands was radically changed, and the possession of lands so sold was changed by order of court confirming the sale from the owner to the purchaser immediately ; the act providing that the treasurer should report the sale to the county or corporation court within 30 days after the sales had been completed, and writs of possession were to be granted to the purchaser during the term or afterwards, upon demand, whether such purchaser shall be a person, company, firm, or corporation, or the auditor of the state ; the treasurer being required by the third section, under certain circumstances, to bid the property off to the auditor. As we have said, this act makes radical changes in the system dealt with. Among the most conspicuous is the following : Under the act of March, 1884, and antecedent acts, these sales were made by direction of the auditor upon lists to be furnished the treasurer by him. Section 2, act March, 1884. But by the act of February, 1886, the auditor is no longer charged with this duty, but it is imposed upon the clerk of the county or corporation court, who is required within 30 days after the delinquent list of real estate shall have been certified to the auditor by the said court in each year, to make a copy

of this list, and furnish it to the treasurer of the county or corporation, as the case may be, who is required (without the intervention of the auditor) within 60 days, or sooner, if practicable, to advertise and sell all of this real estate according to the terms of the act ; and the auditor is eliminated from the system, except that under the seventeenth section of the act he is required, in August, 1886, to make a copy of the lists of the real estate in each county or corporation returned delinquent for the year 1884, which was omitted under the act of March, 1884, *supra*, and send this to the clerk (not to the treasurer, as heretofore), who delivers it to the treasurer as under the general scheme of the act.   So, as the system was in December, 1886, when these sales were made, these sales were made by the treasurer without the intervention of the auditor, and he is required "to sell all the real estate shown to be delinquent by the list" which the clerk was required to furnish him.   He is required to make his report to the county or corporation court.   The court is to pass upon, and, if proper, confirm, the sale, and put the purchaser in possession.   By the fifteenth section the clerk is to certify the report of the treasurer (after it is confirmed by the court), and upon the receipt of this the auditor is required to charge the treasurer with the taxes and interest paid him by purchasers at the sale, as appears by the report, less 10 per centum, which the treasurer is to pay into the treasury within 60 days.   The eighteenth section provides that the auditor shall issue his warrant on the treasurer of the state for the fees of the treasurer, clerk, and printer, on all sales of land made to the auditor for the state, which in the case of the treasurer is fixed at 50 cents for each parcel of land.   In this case the treasurer advertised and sold under the law 720 pieces of land, which he bid in for the commonwealth.   For each piece he was entitled to 50 cents as a fee, the law so providing, doubtless,

because the commonwealth paid no money out of which he could receive compensation by way of commission. This amounts to $360, for which he applied to the auditor for payment as provided by the eighteenth section of the act of February, 1886, *supra*. Hon. Morton Marye, auditor of public accounts of the state, refused the payment of this upon the ground that the lands in question had been previously (the preceding month, as it is stated) sold by the said treasurer, and bought by the commonwealth, and compensation paid the treasurer ; and under instructions from the attorney general he had directed the treasurer not to sell these lands, because they had been already purchased by the commonwealth. But the former law (and the present law) provides that the land sold for taxes returned delinquent thereon shall continue to be charged to the owner until the two years of grace allowed for redemption have passed (section 469, Code Va.), and obviously, as the lands are taxed annually, and the delinquent lists returned annually, unless the taxes are paid the lands must be returned delinquent, and under the annual sales act must be sold annually ; and this must occur as to the lands purchased by the commonwealth until the assessment is altered on the land-books, which cannot occur for two years in any case, whether the commonwealth is the purchaser or not. It is clear, we think, that the treasurer was obliged to pursue the course he did by the law, and that the instructions of the auditor would not have excused him for a failure to perform this duty. The sales were regularly made, regularly confirmed by the court charged with that duty by the law, regularly reported to the auditor by the clerk, who was the proper officer to do so, and the auditor is obliged by the law to pay these fees, whether they appear to be excessive or not. The system will no doubt work smoothly enough if the law is regularly and faithfully followed. There can be no doubt that the

treasurer is entitled to these fees, and that the auditor is bound by the law to issue his warrant upon the treasurer of the state therefor ; and it was a case proper for relief in the circuit court.    We are therefore of opinion that the judgment of the circuit court, by which the petition of the treasurer was dismissed, was erroneous, and the same must be reversed and annulled, and the writ prayed for will be issued by this court.